MARJORIE M. MERRITT ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54563–54565. Filed October 29, 1957.

---

[1] Proceedings of the following petitioners are consolidated herewith: Lula Marion McElroy Pendleton, formerly Lula Marion McElroy Parker, Docket No. 54564; William R. McElroy, Docket No. 54565.

*Benjamin Wiener, Esq.*, and *Elias Rosenzweig, Esq.*, for the petitioners.

*John M. Doukas, Esq.*, for the respondent.

OPINION.

Raum, *Judge:* The Commissioner contends that when the petitioners executed the 1932 agreement they made gifts of remainder interests in trust which were subject to tax under section 501 of the Revenue Act of 1932. Petitioners concede for the purposes of argument that the agreement created remainder interests in the stock of Bellemead. They urge, however, that no completed gifts were made which would subject them to gift tax because the reservation in the agreement of the right to receive distributions of capital, coupled with their power to cause the corporation to make distributions, gave them the power to divest the remaindermen of the substance of their interests, and thus, in effect, to recall the property transferred in trust.

We agree with petitioners' contention. They, together with a brother and their mother, since deceased, were the sole owners of the stock of Bellemead. The agreement which they executed on June 18, 1932, had as its purpose merely the continuation of family control of the stock. However, they explicitly reserved the right to all dividends in money whether paid out of earnings or capital. And, as sole stockholders, the signatories to the agreement were in a position to cause reductions in capital followed by the distribution of dividends paid out of surplus or capital. Paragraph (7) of the agreement was specifically reworded in the drafting stage so as to make this result possible.

The gift tax operates only with respect to transfers that have the quality of finality. Cf. *Burnet* v. *Guggenheim*, 288 U. S. 280; *Commissioner* v. *Prouty*, 115 F. 2d 331, 333 (C. A. 1), affirming in part and reversing in part 41 B. T. A. 274. In our opinion, the alleged transfers herein fail to qualify as completed gifts. The fact that the parties

to the agreement had to act in concert in causing corporate distributions to themselves is not material in the circumstances of this case. Cf. *Gilbert Pleet*, 17 T. C. 77. Since each of the life tenants was a "donor," and since at least each of the petitioners was a potential "donee" with respect to the remainders, we cannot say on the facts here presented that their interests were substantially adverse to one another. Such offsetting reciprocal interests were absent in *Estate of Leon N. Gillette*, 7 T. C. 219, and other similar cases relied upon by the Commissioner.

The Government points to the fact that the petitioners did not have the power to recapture ownership of the remainders in the shares themselves. That is quite true. But they did have the power to strip the shares of value by causing distributions of capital to themselves, and in determining whether there is a completed transfer for gift tax purposes we must consider substance rather than form.

We conclude that the agreement of June 18, 1932, did not result in transfers having that degree of finality required by the gift tax statute. In the light of that conclusion it becomes unnecessary to consider the Government's contention that petitioners are liable for the 25 per cent addition to tax for failure to file a return regardless of their good faith, although it does appear to be correct in its position that good faith is not a defense where no return at all is filed whereas it may be a defense in the case of a tardy return. See sec. 519, Rev. Act 1932; art. 52, Regs. 79.

Reviewed by the Court.

*Decisions will be entered for the petitioners.*